IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD D. LUTES                                                                      PETITIONER

VS.                                                       CIVIL ACTION NO. 3:10cv75-DPJ-FKB

MARGARET BINGHAM                                                             RESPONDENT

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C.§ 2254.  Presently before the Court is Respondent's motion to dismiss for failure to state a claim.  Petitioner has not responded to the motion.  Having considered the petition and the motion, the undersigned recommends that the petition be dismissed without prejudice to allow Plaintiff an opportunity to exhaust his state court remedies.

In September of 1983 Richard D. Lutes was convicted in Louisiana state court of the crime of possession of marijuana with intent to distribute.  He was initially sentenced to a term of ten years of hard labor; however, by order dated January 20, 1984, the sentence was reduced to eight years of hard labor.  In May of 1984, Petitioner was convicted in the Circuit Court of Lauderdale County, Mississippi, of capital murder and sentenced to a term of life imprisonment.  Thereafter, he was taken into the custody of the Mississippi Department of Corrections (MDOC), where he remains to this day. On March 16, 2006 - some 22 years after Lutes' conviction in Louisiana, and over 21 years after his Mississippi conviction, the Louisiana Department of Corrections lodged a

detainer against Lutes based upon the Louisiana conviction and subsequent sentence.[1] Thereafter, Lutes' custody status was downgraded, and he has since been denied parole, the existence of the detainer being cited as one of the reasons for the denial.

Lutes' habeas petition lists several grounds for relief and describes the relief sought in various terms. However, it is clear that Petitioner is challenging neither the Louisiana nor the Mississippi conviction. Rather, his habeas petition is directed toward the detainer lodged by Louisiana. Lutes apparently believes that the detainer is invalid because he thinks that he has served out his Louisiana sentence. In other words, he believes that he completed the eight-year sentence concurrently while serving his life sentence in Mississippi. Louisiana officials, on the other hand, are treating the Louisiana sentence as if it is to be served consecutively after the completion of his Mississippi sentence. Lutes argues that this invalid detainer is causing adverse consequences on his confinement in Mississippi, specifically, that it has affected his custody status and his eligibility for parole.

In its motion to dismiss, the state argues that Lutes has failed to state any cognizable claim for habeas relief. The undersigned agrees that to the extent that Lutes is challenging his denial of parole, no relief is available under § 2254: Mississippi's parole statutes give the parole board absolute discretion and thus afford inmates no constitutionally protected interest in parole. *Scales v. Mississippi State Parole Bd.*, 831

---

[1]It is unclear whether Louisiana had previously given MDOC any notice of a detainer against Lutes. In any event, according to Lutes it was not until MDOC received the March 16, 2006, notice that MDOC began to attach any adverse consequences to the retainer.

F.2d 565 (5th Cir. 1987).   The same result obtains to the extent Lutes is challenging his custody status:  A prisoner has no constitutional interest in being assigned to a particular custody level unless his classification imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Sandin v. Conner*, 515 U.S. 472, 484  (1995).  Lutes makes no such allegations regarding his custody status.

However, the undersigned rejects the state's contention that Lutes has failed to state a claim regarding Mississippi's recognition of the detainer.  As stated by the Fourth Circuit, "The law is too well settled to permit dispute over the proposition that a federal district court in the state or district of confinement may entertain by habeas corpus a prisoner's challenge to the adverse effects on the conditions of his confinement resulting from the filing of a foreign detainer." *Norris v. Georgia*, 522 F.2d 1006, 1010  (4th Cir. 1975).  In support of this proposition, the Fourth Circuit cited *Nelson v. George*, 399 U.S. 224 (1970), a case involving a California state prisoner who filed for federal habeas relief in California, challenging a North Carolina detainer.  The petition alleged that the detainer adversely affected George's eligibility for parole and his custody status.  The Court held that the California district court had jurisdiction to consider George's habeas petition challenging California's recognition of the detainer.  The Court acknowledged that the Full Faith and Credit Clause would require California to recognize the detainer after George completed his California sentence and California's obligation to extradite him to North Carolina matured.  However, until then, according to the Court, the state of California was free to consider what effect, if any, it would give to the detainer in terms of George's present custody.  Lutes' challenge is precisely the same as that recognized in *Nelson.*

3

Accordingly, the undersigned concludes that Lutes has stated a claim for which habeas relief is available.

The petition is, however, subject to dismissal on another basis. Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). In *Nelson*, the Supreme Court recognized the applicability of the exhaustion requirement to a habeas challenge to a detainer, as the Court concluded that relief was not yet available because George had not exhausted his California state court remedies. Lutes clearly indicates in his petition that he has failed to seek any relief in the courts of Mississippi. It also appears that Lutes has an avenue for pursuing relief by seeking it first through MDOC's administrative remedy program and then seeking judicial review in state court pursuant to Miss. Code Ann. § 47-5-807.[2] For these reasons, the undersigned recommends that Lutes' petition be dismissed without prejudice so that he may pursue relief in the Mississippi courts.[3]

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that

---

[2]Lutes filed an administrative grievance in July of 2006 challenging the lodging of the detainer and its effect on his custody level. However, he did not pursue the grievance beyond step two of the process.

[3]By recommending dismissal without prejudice, the undersigned does not intend to imply that any relief will necessarily be available in this court. It is possible that a future habeas petition would be time-barred pursuant to 28 U.S.C. § 2244(d). Indeed, the timeliness of the present petition is questionable. However, as the state has not sought dismissal on this basis or otherwise addressed the timeliness of Petitioner's *Nelson v. George* claim, the undersigned concludes that dismissal of the petition should be without prejudice.

party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of July, 2011.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE