UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD D. LUTES                                                                                          PETITIONER

V.                                                                        CIVIL ACTION NO. 3:10cv75-DPJ-FKB

MARGARET BINGHAM                                                                                     RESPONDENT

ORDER

This cause is before the Court on the Report and Recommendation [15] of Magistrate Judge F. Keith Ball. Petitioner Richard D. Lutes brought this action pursuant to 28 U.S.C. § 2254, challenging Mississippi's recognition of a detainer lodged by the Louisiana Department of Corrections. Lutes contends that as a result of the detainer his custody status was downgraded and he has been denied parole. After considering Respondent's motion to dismiss, Judge Ball recommended dismissal of Richard D. Lutes' action without prejudice to allow Lutes to exhaust his state court remedies.

Respondent filed an Objection, urging to the Court to dismiss the petition with prejudice as time barred pursuant to the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Lutes filed no objection to the Report and Recommendation and no response to the State's objection.

While it is unusual for a respondent to seek dismissal based on a time bar for the first time in an objection, the Court can *sua sponte* raise the timeliness of a petition. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("In sum, even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*. Their decision to do so was

consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court.").

Here, Lutes alleges in his Petition that the detainer was "updated" on March 16, 2006, his custody status was reduced on July 7, 2006, as a result of the detainer, and he was denied parole in 2004, 2006, and 2008 because of the detainer.  Yet he filed the Petition February 3, 2010.  Petition at 7, 9, 10.  Thus, the instant Petition was filed beyond the one-year limitations period, and dismissal with prejudice is appropriate.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court with the *modification* that the action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE